

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-1907
Re: Interpretation of Article
917, Penal Code, relative
to State game preserves

Thank you for your letter of January 29, 1940, requesting the opinion of this department interpreting Article 917, Vernon's Annotated Penal Code. We quote from your letter:

"The following question has arisen under the above Act wherein it states:

"'The aggregate acreage of all preserves which may be designated in any one county shall never exceed ten per cent of the total acreage of such county.'

"What would be the status of an application filed covering 72,000 acres to be placed in a state game preserve in a county whose aggregate acreage was 650,000 acres?

"Would the application have to be refiled for 65,000 before it would be legally a state game preserve, or could the applicant exclude certain sections totaling 7,000 acres and reduce his application to 65,000, and comply with the Act? If these changes were made, when would it actually become a state game preserve?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. L. Massie, page 2


Article 917 of the Penal Code reads as follows:

"Any person, firm or corporation owning and in possession of lands in the State of Texas, may transfer by an instrument of writing, duly acknowledged before an officer, authorized under the laws of this State to take acknowledgments, to the State of Texas the right to preserve, protect and introduce for propagation purposes any of the game birds or game animals mentioned in this chapter on the lands mentioned therein, for a period of not less than ten years. Such instrument of writing shall be filed in the office of the Game, Fish and Oyster Commissioner, whereupon the Game, Fish and Oyster Commissioner may at his discretion declare the lands described in said instrument a State Game Preserve, and thereafter for theperiod named therein shall for all the purposes relating to the preservation, protection and propagation of game birds and game animals be under the control of the Game, Fish and Oyster Commissioner. The aggregate acreage of all preserves which may be designated in any one county shall never exceed ten per cent of the total acreage of such county. Such preserves shall be numbered in the order of the filing of the instrument therefor. The Game, Fish and Oyster Commissioner shall cause notices to be prepared containing the words "State Game Preserve," "Trespassing Prohibited," and cause such notices to be posted at each gate or entrance thereto. All State game preserves established under the provisions of this chapter shall for all purposes of preservation, protection and propagation of game birds and game animals thereon be under the control and management of the Game, Fish and Oyster Commissioner, and he and his deputies may at all times enter in and upon such preserves in the performance of their duties.

Honorable F. L. Massie, page 3

    "It shall be unlawful for any
person to hunt, pursue, shoot at, kill,
take, destroy, or in any manner molest
any of the game birds or game animals
within the exterior boundaries of any
game preserve, and any person who shall
violate any provision of this chapter
shall be deemed guilty of a misdemeanor
and upon conviction shall be fined not
less than fifty ($50.00) dollars nor
more than two hundred ($200.00) dollars."
(Underscoring ours)

    We also call your attention to Section 1
of Article 978f, Vernon's Annotated Penal Code,
which reads as follows:

    "The office of Game, Fish and Oyster
Commissioner of the State of Texas is
hereby abolished. There is hereby created
the Game, Fish and Oyster Commission which
shall have the authority, powers, duties
and functions herstofore vested in the
Game, Fish and Oyster Commissioner, except
where in conflict with this Act."

    Article 917, supra, makes the granting or
denial of an application to have lands declared a State
game preserve entirely a matter for the administrative
discretion of the Game, Fish and Oyster Commission, and
no vested right accrues upon the filing of the instru-
ment described in such article. Moreover, because of
its peculiar training and experience, the Commission is
better equipped to pass upon the question of when a
game preserve is necessary in a particular county, and
the circumstances upon which land shall be declared a
State game preserve.

    Consequently, we respectfully suggest that
the matter be referred to the Game, Fish and Oyster Com-

Honorable F. L. Massie, page 4

mission, and it is the opinion of this department that the question of whether or not an amended or new original application should be filed (so as to comply with Article 917) is entirely a matter within the administrative discretion of that department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　Walter R. Koch
　　　Walter R. Koch
　　　　Assistant

By　James D. Smullen
　　　James D. Smullen

JDS:LW

APPROVED FEB 2, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN